**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
SOUTHERN DIVISION - GREENBELT

| | |
|---|---|
| Stanley Shapiro, *on behalf of himself and all others similarly situated*,<br>Plaintiff,<br><br>v.<br><br>QuinStreet, Inc., *et al.*,<br><br>Defendants. | Case No. 8:24-cv-01667 |

**DEFENDANT QUINSTREET, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant QuinStreet, Inc. ("QuinStreet") hereby responds to the Second Amended Complaint (Dkt. No. 54) ("SAC") of plaintiff Stanley Shapiro ("Plaintiff") by filing this Answer and Affirmative Defenses.

## NATURE OF THE ACTION

1. QuinStreet denies the allegations contained in paragraph 1 of the SAC to the extent it contains factual allegations. With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response is required, QuinStreet denies those allegations.

2. The allegations in paragraph 2 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

3. QuinStreet denies the allegations contained in paragraph 3 of the SAC to the extent it contains factual allegations. With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response is required, QuinStreet denies those allegations.

4. The allegations set forth in paragraph 4 constitute legal conclusions, to which no response is required. To the extent a response is required, QuinStreet denies those allegations.

## JURISDICTION AND VENUE

5. The allegations set forth in paragraph 5 constitute legal conclusions, to which no response is required. To the extent a response is required, QuinStreet denies those allegations.

6. The allegations set forth in paragraph 6 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. The allegations set forth in paragraph 6 constitute legal conclusions, to which no response is required. To the extent a response is required, QuinStreet denies those allegations.

7. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 7 of the SAC.

8. QuinStreet denies the allegations contained in paragraph 8 of the SAC.

9. The allegations set forth in paragraph 9 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 9 of the SAC.

10. The allegations set forth in paragraph 10 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 10 of the SAC.

**PARTIES**

11. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the SAC.

12. QuinStreet admits only that it is incorporated in Delaware, headquartered in California, and that it registered to do business with the Maryland Secretary of State as a foreign corporation.

13. The allegations in paragraph 13 refer to a document attached as Exhibit E to the SAC, and QuinStreet respectfully refers the Court to that document for the complete and accurate content and context and otherwise QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 13 of the SAC.

14. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 14 of the SAC. With respect to the allegations in paragraph 14 of the SAC that constitute legal conclusions, no response thereto is required. To the extent a response is required, QuinStreet denies those allegations.

15. The allegations set forth in paragraph 15 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 15 of the SAC.

## ALLEGATIONS OF FACT

16. The allegations in paragraph 16 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

17. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 17 of the SAC.

18. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 18 of the SAC.

19. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 19 of the SAC.

20. QuinStreet denies the allegations contained in paragraph 20 of the SAC.

21. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 21 of the SAC, as QuinStreet denies all allegations that it had any involvement with the alleged call to Plaintiff on July 5, 2023.

22. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 22 of the SAC, as QuinStreet denies all allegations that it had any involvement with the alleged call to Plaintiff on July 5, 2023.

23. QuinStreet admits only that it placed a single call to Plaintiff on July 6, 2024. QuinStreet denies all of the remaining factual allegations contained in paragraph 23, and denies that any other calls to Plaintiff's alleged number were made by or on QuinStreet's behalf.

24. QuinStreet denies the allegations contained in paragraph 24 of the SAC.

25. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 25 of the SAC, as QuinStreet denies all allegations that it had any involvement with the call to Plaintiff on July 5, 2023. QuinStreet further denies that Plaintiff "never gave express prior written consent" to be contacted by QuinStreet, including by automated means or by prerecorded or automated voice.

26. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 26 of the SAC.

27. QuinStreet denies the allegations contained in paragraph 27 of the SAC.

28. The allegations in paragraph 28 refer to a document attached as Exhibit A to the SAC, and QuinStreet respectfully refers the Court to that document for the complete and accurate content and context. The term "Telemarketing" is defined under the TCPA and its regulations, and for that reason, these allegations constitute legal conclusions, to which no response is required. To the extent a response to those legal conclusions is required, QuinStreet denies those allegations.

29. QuinStreet denies the allegations contained in paragraph 29 of the SAC, as Plaintiff's definition of "Calls" is improper and unintelligible.

30. The allegations in paragraph 30 refer to a document attached as Exhibit B to the SAC, and QuinStreet respectfully refers the Court to that document for the complete and accurate content and context. QuinStreet denies any of Plaintiff's characterizations of the quoted language in this paragraph.

31. The allegations in paragraph 31 refer to a document attached as Exhibit C to the SAC, and QuinStreet respectfully refers the Court to that document for the complete and accurate content and context and otherwise denies the allegations contained in paragraph 31 of the SAC.

32. QuinStreet admits only that it operates Insure.com and Insurance.com and that these websites have the same address as QuinStreet. QuinStreet denies all of the remaining factual allegations contained in paragraph 32.

33. QuinStreet admits only that the language quoted in paragraph 33 is included in its Form 10-K, but respectfully refers the Court to that document for the complete and accurate content and context. QuinStreet denies any of Plaintiff's characterizations of the quoted language in this paragraph.

34. QuinStreet denies the allegations contained in paragraph 34 of the SAC.

35. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the SAC.

36. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the SAC.

37. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the SAC.

38. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the SAC.

39. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the SAC.

40. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the SAC.

41. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the SAC.

42. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the SAC.

43. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the SAC.

44. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 of the SAC.

45. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the SAC.

46. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the SAC.

47. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the SAC.

48. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC.

49. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the SAC.

50. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the SAC.

51. To the extent the allegations in paragraph 51 are against QuinStreet, QuinStreet denies those allegations. Otherwise, QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 51 of the SAC.

52. To the extent the allegations in paragraph 52 are against QuinStreet, QuinStreet denies those allegations. Otherwise, QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 52 of the SAC.

53. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 of the SAC.

54. The allegations set forth in paragraph 54 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 54.

55. The allegations set forth in paragraph 55 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 55.

56. The allegations set forth in paragraph 56 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 56.

57. QuinStreet denies the allegations contained in paragraph 57 of the SAC.

58. The allegations in paragraph 58 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

59. The allegations in paragraph 59 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

60. The allegations in paragraph 60 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

61. The allegations in paragraph 61 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

62. QuinStreet is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 62 of the SAC.

63. The allegations in paragraph 63 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

64. The allegations in paragraph 64 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet admits only that the language cited appears in §§ 14-3201, 14-3202 of the Maryland Commercial Code.

65. The allegations in paragraph 65 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet admits only that the language cited appears in the Telemarketing Sales Rule.

66. The allegations in paragraph 66 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet admits only that the language cited appears in Section § 13-408 of the Commercial Law Article of the Maryland Code.

67. The allegations in paragraph 67 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

68. The allegations in paragraph 68 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

69. The allegations in paragraph 69 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

70. The allegations in paragraph 70 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

71. The allegations in paragraph 71 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

72. The allegations in paragraph 72 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

73. The allegations in paragraph 73 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

74. The allegations in paragraph 74 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

75. The allegations in paragraph 75 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

76. The allegations in paragraph 76 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

77. The allegations in paragraph 77 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

78. The allegations in paragraph 78 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

79. The allegations in paragraph 79 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

80. The allegations in paragraph 80 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

81. The allegations set forth in paragraph 81 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. The allegations in paragraph 81 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

82. The allegations in paragraph 82 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

83. The allegations in paragraph 83 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

84. The allegations in paragraph 84 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

85. The allegations in paragraph 85 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

86. The allegations in paragraph 86 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

**CLASS ALLEGATIONS**

87. The allegations set forth in paragraph 87 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 87.

88. QuinStreet denies the allegations contained in paragraph 88 of the SAC to the extent it contains factual allegations. With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response is required, QuinStreet denies those allegations.

89. QuinStreet denies the allegations contained in paragraph 89 of the SAC to the extent it contains factual allegations. With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response s required, QuinStreet denies those allegations.

90. The allegations set forth in paragraph 90 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. The allegations in paragraph 90 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

91. QuinStreet denies the allegations contained in paragraph 91 of the SAC.

92. The allegations set forth in paragraph 92 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 92 of the SAC.

93. The allegations set forth in paragraph 93 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 93 of the SAC.

94. The allegations set forth in paragraph 94 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 94 of the SAC.

95. The allegations set forth in paragraph 95 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 95.

96. The allegations set forth in paragraph 96 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 96.

97. QuinStreet admits only that the quoted language appears in QuinStreet's 10-K dated June 30, 2023, but respectfully refers the Court to that document for the complete and accurate content and context.

**The Do-Not-Call Class**

98. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 98 of the SAC.

99. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 99 of the SAC.

**THE PRE-RECORDED VOICE CLASS**

100. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 100 of the SAC.

101. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 101 of the SAC.

**THE MARYLAND CLASS**

102. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 102 of the SAC.

103. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 103 of the SAC.

## ADDITIONAL CLASS ALLEGATIONS

104. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 104 of the SAC.

105. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. QuinStreet denies the factual allegations contained in paragraph 105 of the SAC.

106. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 106 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

107. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 107 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations. QuinStreet denies the factual allegations contained in paragraph 107 of the SAC.

108. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 108 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

109. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 109 of the SAC state legal

conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

110. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 110 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

111. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 111 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

112. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 112 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

113. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 113 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

114. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 114 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

115. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 115 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

116. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 116 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

117. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 117 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

118. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 118 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

119. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 119 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

120. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 120 of the SAC state legal

conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

121. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 121 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

122. The allegations in paragraph 122 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

123. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 123 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

124. The allegations in paragraph 124 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies the allegations.

**COUNT 1 – DO NOT CALL VIOLATIONS**

125. QuinStreet incorporates its responses to paragraphs 1 through 125 as though fully set forth therein.

126. The allegations set forth in paragraph 126 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 126 of the SAC.

127. The allegations set forth in paragraph 127 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 127 of the SAC.

128. The allegations set forth in paragraph 128 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 128 of the SAC.

129. The allegations set forth in paragraph 129 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 129 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

**COUNT II – PRE-RECORDED VOICE VIOLATIONS**

130. QuinStreet incorporates its responses to paragraphs 1 through 130 as though fully set forth therein.

131. The allegations set forth in paragraph 131 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 131 of the SAC.

132. The allegations set forth in paragraph 132 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 132 of the SAC.

133. The allegations set forth in paragraph 133 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 133 of the SAC.

134. The allegations set forth in paragraph 134 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or

appropriate. The allegations in paragraph 134 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

**COUNT III – MARYLAND CLASS**

135. QuinStreet incorporates its responses to paragraphs 1 through 135 as though fully set forth therein.

136. The allegations set forth in paragraph 136 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 136 of the SAC.

137. The allegations set forth in paragraph 137 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 137 of the SAC.

138. The allegations set forth in paragraph 138 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 138 of the SAC.

139. The allegations set forth in paragraph 139 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. The allegations in paragraph 139 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

**COUNT IV – INJUNCTIVE RELIEF**

140. QuinStreet incorporates its responses to paragraphs 1 through 140 as though fully set forth therein.

141. The allegations set forth in paragraph 141 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations contained in paragraph 141 of the SAC.

142. The allegations set forth in paragraph 142 are alleged against Defendants generally. QuinStreet only responds on its behalf and does not respond on behalf of SelectQuote. QuinStreet denies the allegations in paragraph 142 and that Plaintiff is entitled to any of the relief sought therein.

## CONSOLIDATED PRAYER FOR RELIEF

143. QuinStreet denies the allegations in paragraph 143 and that Plaintiff is entitled to any of the relief sought therein.

## AFFIRMATIVE DEFENSES

By way of further responses, QuinStreet asserts and alleges the following Affirmative Defenses to Plaintiff's Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because, among other reasons, QuinStreet had Plaintiff's and each putative class member's prior express invitation or permission and/or an established business relationship with Plaintiff and/or each putative class member.

## SECOND AFFIRMATIVE DEFENSE

QuinStreet had prior express consent, permission, or an invitation to place any phone calls at issue, including to Plaintiff and/or the putative class members. To the extent that Plaintiff and each putative class member inquired about QuinStreet's clients' products or services, or is or was a current or former customer of QuinStreet's clients, their claims are barred.

**THIRD AFFIRMATIVE DEFENSE**

QuinStreet had established a relationship with the recipients of any phone calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's individual and class claims against QuinStreet must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the SAC.

**FIFTH AFFIRMATIVE DEFENSE**

QuinStreet alleges that at all times mentioned in the SAC, QuinStreet acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, QuinStreet acted in good faith in the honest belief that the acts, conduct, and communications, if any, of QuinStreet were justified under the circumstances based on the information reasonably available to QuinStreet.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join the necessary and indispensable parties in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims are barred by the doctrine of *res judicata* and/or have been otherwise released through prior settlement agreements, waivers, arbitration, or other binding legal action or instruments, which preclude them from asserting the present claims.

## EIGHTH AFFIRMATIVE DEFENSE

QuinStreet alleges that the award of statutory penalties against QuinStreet would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, estoppel, and/or release.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims under the Maryland Commercial Code §14-3201 and the TCPA are unconstitutional.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against QuinStreet are barred, in whole or in part, by the TCPA's and Maryland Commercial Code's "Safe Harbor" provisions or other "Safe Harbor" defenses.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and the absent class members are equitably estopped from asserting any claim for relief against QuinStreet because QuinStreet detrimentally relied upon Plaintiff's and the absent class members' conduct, representations, and omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative classes are barred from pursuing claims alleged in the Second Amended Complaint because Plaintiff and/or the putative classes have expressly or impliedly consented to, ratified and approved all of the acts and omissions about which Plaintiff now complains.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes are not entitled to any relief because QuinStreet's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or putative class members, by their conduct, representations, and omissions, have waived, relinquished, and/or abandoned any claim for relief against QuinStreet respecting the matters that are the subject of the SAC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims against QuinStreet are barred because the phone calls that are the subject of the Amended Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on QuinStreet for such phone calls would violate its First Amendment rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims are barred because QuinStreet did not engage in willful and/or knowing misconduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

QuinStreet did not place the alleged phone calls to putative class members.

**NINETEENTH AFFIRMATIVE DEFENSE**

Granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

**TWENTIETH AFFIRMATIVE DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom QuinStreet exercised no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative classes are not entitled to relief because QuinStreet did not make any alleged telephone solicitations to them on their residential telephone lines.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Claims on behalf of the putative class members are subject to arbitration provisions barring litigation.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

QuinStreet is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding QuinStreet's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages by requesting to no longer receive calls from QuinStreet.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they did not personally register their residential telephone numbers on the National Do Not Call Registry.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they allege calls placed less than thirty days after Plaintiff and each putative class member registered their telephone number(s) on the National Do Not Call Registry.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they authorized third parties to provide Plaintiff's and each putative class members' prior express invitation or permission to QuinStreet, or to make an inquiry into QuinStreet's clients' products or services on his or their behalf.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

QuinStreet reasonably relied on prior express invitation or permission provided by others who identified Plaintiff's or each putative class member's telephone numbers to QuinStreet, and/or inquiry-based established business relationships between the parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

A class action is inappropriate because individual issues predominate over common issues, Plaintiff is not typical of the Class he wishes to represent and Plaintiff cannot otherwise satisfy the elements of Federal Rule of Civil Procedure 23.

## THIRTIETH AFFIRMATIVE DEFENSE

QuinStreet states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. QuinStreet reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, QuinStreet prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Second Amended Complaint;

2. That judgment be entered against Plaintiff and in favor of QuinStreet;

3. That QuinStreet recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant QuinStreet such other and further relief as it deems just and proper.s

Dated: November 22, 2024

Respectfully submitted,

/s/ Ira Kasdan

Ira T. Kasdan (Bar # 26942)
KELLEY DRYE & WARREN LLP
3050 K Street, NW
Washington, DC 20007
Tel: (202) 342-8864
Fax: (202) 342-8451
Email: ikasdan@kelleydrye.com

James B. Saylor (*pro hac vice*)
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-5052
Fax: (212) 808-7897
Email: jsaylor@kelleydrye.com

*Counsel for Defendant, QuinStreet, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2024, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Ira Kasdan
Ira T. Kasdan