**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
SOUTHERN DIVISION - GREENBELT

Stanley Shapiro, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

QuinStreet, Inc.,

Defendant.

Case No. 8:24-cv-01667

**Assigned to Hon. Ajmel A. Quereshi**

**DEFENDANT QUINSTREET, INC.'S REPLY MEMORANDUM OF LAW**
**<u>IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ........ 1

II. LEGAL ARGUMENT ........ 2

A. Plaintiff Did Not File an Opposition Brief to QuinStreet's Motion and He Offers No New Facts to Defeat Summary Judgment........ 2

B. Plaintiff's Counsel's Rule 56(d) Affidavit Is Baseless........ 3

1. QuinStreet Has Produced All the Discovery That Plaintiff Needs to Oppose Summary Judgment. ........ 4

2. Plaintiff Does Not Articulate How Further Discovery Would Create Genuine Issues of Material Facts. ........ 5

III. CONCLUSION........ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. Salvation Army*,
No. 1:12-cv-00707, 2012 WL 6761596 (D. Md. Dec. 28, 2012) ....................3, 8

*Gardner v. U.S.*,
184 F. Supp. 3d 175 (D. Md. 2016) ....................3

*Hodgin v. UTC Fire & Security Americas Corp., Inc.*,
885 F.3d 243 (4th Cir. 2018) ....................3

*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*,
43 F.3d 922 (4th Cir. 1995) ....................7

*Pisano v. Strach*,
743 F.3d 927 (4th Cir. 2014) ....................3, 6

*Strag v. Bd. of Trs.*,
55 F.3d 943 (4th Cir. 1995) ....................7

*Trask v. Franco*,
446 F.3d 1036 (10th Cir. 2006) ....................3

**Statutes**

47 U.S.C. § 227 ....................2

**Other Authorities**

47 C.F.R. § 64.1200(c)(2) ....................2

Defendant QuinStreet, Inc. ("QuinStreet") submits this reply memorandum of law in further support of its Motion for Summary Judgment ("Motion").

## I. INTRODUCTION

In response to QuinStreet's Motion, Plaintiff Stanley Shapiro ("Plaintiff") presented no legally effective opposition. Instead, his counsel filed what he purports to be a Rule 56(d) affidavit, contending that based on his "personal experience" and "what [he] hear[s] from clients and others," the number of insurance-related lead generation calls has increased. Dkt. 108 at 1. On that factually-bereft basis alone, he contends that QuinStreet must have placed more than one call to Plaintiff, and Plaintiff needs more discovery to prove it. But the specific additional information Plaintiff needs, or how that information would create a genuine issue of material fact, is completely missing from the Rule 56(d) affidavit.

The only possible basis for any further discovery was already granted by the Court when it ordered QuinStreet to provide the list of phone numbers it used to make calls in Maryland during the relevant time period. *See* Dkt. 103 at 1. As the Court acknowledged, that additional discovery would provide Plaintiff with what he needs to test QuinStreet's assertions regarding the number of calls it made to Plaintiff's number. JR-410–11 at 11:24–12:5. QuinStreet complied with the Court's Order and the list of phone numbers *did not reveal any additional calls to Plaintiff's number*.[1] Accordingly, no additional discovery will change the two dispositive facts addressed in QuinStreet's moving papers, unopposed by the Plaintiff: (1) QuinStreet placed only one call to

[1] QuinStreet also complied with the October 27, 2025 Order by making a corporate representative available on November 11, 2025, for a "one-hour deposition addressing solely addressing the scope, methods, and procedures used to search the relevant databases for outbound calls to Plaintiff's number." Dkt. 103 at 1–2. Plaintiff refused to take the one-hour deposition on that date, citing a trial that he had starting November 17, 2025. QuinStreet is working to provide alternative dates in December pursuant to Plaintiff's request but will need to prepare a new witness because the original witness that QuinStreet originally set to be deposed will be out of the country for the month of December. *See* Dkt. 107 at 3.

Plaintiff's number on July 6, 2023; and (2) the call was made by a live agent, not a prerecorded or automated voice.

The Rule 56(d) affidavit is a red herring that should be disregarded. QuinStreet's Motion should be granted, and Plaintiff's claims dismissed.

## II. LEGAL ARGUMENT

### A. Plaintiff Did Not File an Opposition Brief to QuinStreet's Motion and He Offers No New Facts to Defeat Summary Judgment.

Aside from his counsel filing a conclusory and baseless Rule 56(d) affidavit which offers no new facts, Plaintiff filed no affidavit of his own and no opposition brief. As a consequence, Plaintiff has conceded the lack of any disputed material facts that can defeat QuinStreet's Motion. Rather, the undisputed material evidence remains that QuinStreet made only one call to Plaintiff's phone number; as a matter of law, therefore, QuinStreet did not violate the provision of the Telephone Consumer Protection Act ("TCPA") prohibiting placing more than one call to Plaintiff within a 12-month period without Plaintiff's prior express invitation or permission. *See* 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) (Count I, SAC ¶¶ 1, 112–16, the "National Do Not Call Registry Claim" or "NDNCR Claim"). Similarly, the other undisputed material fact also remains that QuinStreet used a live agent and not a prerecorded voice to call Plaintiff; thus, QuinStreet did not violate that provision of the TCPA either. *See* 47 U.S.C. § 227(b)(1)(A) (Count II, SAC ¶¶ 117–21, the "Artificial Voice Claim").

Accordingly, for the reasons set forth in QuinStreet's moving brief, the Motion should be granted, because the law is clear and there are no genuine issues of material fact regarding the number of times QuinStreet called Plaintiff, *i.e.*, once on July 6, 2023, and the method that QuinStreet used to make that call, *i.e.*, a live agent. *See* Dkt. 98-1. Moreover, as set forth below, Plaintiff's counsel's Rule 56(d) affidavit fails to articulate how further discovery would create any

genuine issues of material fact that would warrant the Court further delaying the entry of summary judgment in favor of QuinStreet.

**B. Plaintiff's Counsel's Rule 56(d) Affidavit Is Baseless.**

Rule 56(d) requires that summary judgment be deferred when the nonmovant files an affidavit that it "has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (quoting *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006)). A Rule 56(d) motion should be denied "when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Pisano*, 743 F.3d at 931; *see also Hodgin v. UTC Fire & Security Americas Corp., Inc.*, 885 F.3d 243, 250–51 (4th Cir. 2018) (denying Rule 56(d) motion that failed to "identify any specific information" or "demonstrate that the information they sought to attain in the depositions would create a genuine dispute of material fact"). "Rule 56(d) affidavits may not demand discovery for discovery's sake; a Rule 56(d) request is properly denied 'where the additional evidence sought . . . would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Gardner v. U.S.*, 184 F. Supp. 3d 175, 181–82 (D. Md. 2016) (quoting *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995)). "A Rule 56(d) affidavit cannot conclusorily state that additional discovery is required." *Ahmed v. Salvation Army*, No. 1:12-cv-00707, 2012 WL 6761596, at *10 (D. Md. Dec. 28, 2012). It must specify "why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Id.* (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

Plaintiff's Rule 56(d) application should be denied, as QuinStreet has produced everything in its possession relevant to Plaintiff's individual claims and all that he could possibly need to oppose summary judgment. Indeed, the Rule 56(d) affidavit fails to describe with any specificity

what additional information Plaintiff needs to oppose summary judgment. Nor does it explain how that information would create any genuine issues of material fact to support his NDNCR Claim that QuinStreet made more than one call to Plaintiff, or his Artificial Voice Claim that Plaintiff did not use a live agent during the single July 6, 2023 call.

### 1. QuinStreet Has Produced All the Discovery That Plaintiff Needs to Oppose Summary Judgment.

As QuinStreet has repeatedly represented through verified interrogatory responses and sworn declaration, it has produced any and all discovery relevant to Plaintiff's individual claims. QuinStreet has conducted an exhaustive search for records relating to Plaintiff's phone number and calls or texts placed thereto. JR-102 ¶ 3; JR-333–34; Dkt. 98-1 at 4. The results of that search revealed one call on July 6, 2023. *See* JR-346, JR-348–56, JR-103–04 ¶¶ 3–4, JR-121–22; Dkt. 98-1 at 4; Dkt. 99 ¶ 4. QuinStreet has no record of any other calls placed to Plaintiff's number ending in -1979, a fact that it has repeatedly affirmed in sworn interrogatory responses, declarations, and deposition testimony. *See* JR-114–15; JR-121–22; JR-132; JR-333–34; JR-338; JR-103 ¶ 5; *see also* Dkt. 98-1 at 4–6, 8–9. Moreover, that QuinStreet called Plaintiff on July 6, 2023, via a live agent and not a prerecorded or artificial voice is undisputed. *See* Dkt. 99 ¶ 8.

Indeed, the Court agreed as much during the October 27, 2025 hearing, but in an effort to avoid the very dispute that Plaintiff now disingenuously raises regarding additional discovery (*see* JR-412–13 at 13:3 to 14:3), ordered that QuinStreet provide a list of all phone numbers that QuinStreet and its representatives used to call potential customers in Maryland during July 2023, January 2024, June 2024, and July 2024, so that Plaintiff could "test the assertions" QuinStreet has made regarding the number of calls it placed to Plaintiff's phone number. JR-413 at 14:1. QuinStreet produced that list on November 7, 2025. JR-444–46. Outside counsel for QuinStreet cross-checked the phone numbers on the list with the phone numbers in Plaintiff's Verizon phone

records and confirmed what it already knew—QuinStreet placed only a single call to Plaintiff, on July 6, 2023. *See* Reply Declaration of James Saylor dated November 24, 2025 ¶ 4 ("Saylor Reply Decl."). Plaintiff has not, and cannot, identify any additional calls from the numbers QuinStreet used to call customers in Maryland to his phone number.

### 2. Plaintiff Does Not Articulate How Further Discovery Would Create Genuine Issues of Material Facts.

Counsel's Rule 56(d) affidavit falls way short and is legally and factually deficient for numerous reasons.

**First**, the Rule 56(d) affidavit spends pages disparaging QuinStreet and contends that QuinStreet did not have consent to call him. None of that matters, because QuinStreet only called Plaintiff once and, thus, did not need consent. Dkt. 108 at 3–4. In any event, counsel's contention that Plaintiff purportedly denies visiting any website and providing consent to be called lacks support in the record. Plaintiff could have—indeed, *should have*—submitted *his own affidavit* that he did not visit a website and consent to be called, but he did not, because he obviously could not truthfully so aver. Moreover, his counsel's affidavit fails to articulate any discovery that Plaintiff needs to dispute consent or how said discovery would create a genuine issue of material fact with respect to the case dispositive facts set forth in QuinStreet's Motion.

**Second**, Plaintiff has all the information he needs to "cross-check" the number of calls that QuinStreet made to Plaintiff. *See* Dkt. 108 at 5. Pursuant to the Court's October 27, 2025 Order, on November 7, 2025, QuinStreet produced to Plaintiff a list of all phone numbers that QuinStreet and its representatives used to call potential customers in Maryland during July 2023, January 2024, June 2024, and July 2024. *See* JR-446. ***None*** of those numbers appears in Plaintiff's Verizon

phone records,[2] thereby proving that QuinStreet—as it has repeatedly affirmed in sworn testimony, interrogatory responses, and declarations—only placed one call to Plaintiff's phone number. As the Court found during the October 27, 2025 hearing, Plaintiff does not need any more information to verify whether QuinStreet made any additional calls to Plaintiff's phone number. *See* JR-410–11 at 11:24–12:5; *see also Pisano*, 743 F.3d at 932 (denying Rule 56(d) application where the record evidence is undisputed, but Plaintiffs "simply want more").

**Third**, Plaintiff contends that he needs more time to obtain documents in response to third-party subpoenas. Yet, at least one subpoena recipient has already told Plaintiff's that it does not have the "call detail records" he seeks, because all of those records reside solely on QuinStreet's systems. *See* Saylor Reply Decl. ¶ 5.[3] Plaintiff contends that he "need[s]" the subpoenaed "call detail records" to "cross-check" QuinStreet's production, but this Court already found that call detail records are not required for Plaintiff to verify whether QuinStreet made additional calls to his phone number. Dkt. 108 at 5; JR-410–11 at 11:24 to 12:5 ("But you can give those numbers to [Plaintiff] and then he can match that up with the Verizon call records and that would allow him to sufficiently test whether or not any of those numbers show up on his own phone bills. And if they don't, then [Plaintiff's] had the opportunity to test the assertions that you're making in your declaration."); *see also* JR-419 at 20:4–9. The list of phone numbers includes those that QuinStreet and its representatives—like the call center that Plaintiff subpoenaed—used to call potential

---

2 Plaintiff's counsel's contention that he needs weeks to review the information produced by QuinStreet on November 7, 2025, is nonsensical. *See* Dkt. 108 at 5. A simple "ctrl + F" search of each phone number produced by QuinStreet in Plaintiff's phone records will demonstrate that Plaintiff only received the single July 6, 2023 phone call from QuinStreet. Plaintiff's counsel's stall tactics should not be rewarded.

3 Counsel for QuinStreet has not been copied on Plaintiff's counsel's correspondence with the second subpoenaed recipient. Saylor Reply Decl. ¶ 5. But Plaintiff's counsel fails to explain how potential documents from that third party would make a difference to create a genuine issue of material fact. Dkt. 108 at 5–6.

customers in Maryland during the relevant time period. Documents received in response to subpoenas will not provide any additional numbers attributable to QuinStreet.

**Fourth**, Plaintiff's contention that he only "recently" obtained information sufficient to subpoena these parties is a misrepresentation. QuinStreet produced contact information for those entities on August 25, 2025, in its amended responses to interrogatories. JR-115; JR-119. Plaintiff waited almost two months to issue any document subpoenas, despite knowing that the discovery cut-off was November 10, 2025. In all relevant respects, discovery has ended,[4] and Plaintiff's failure to timely conduct discovery is not a basis to delay disposition of summary judgment. *See Strag*, 55 F.3d at 953 ("[A]n extension of time for summary judgment was inappropriate where the delay in conducting discovery was not the fault of the moving party."); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (non-moving party's failure to serve discovery until one month before the discovery end date or notice depositions before the discovery end date was not a basis to grant a Rule 56(d) application).

**Fifth and finally**, Plaintiff's request for "leave to depose" the non-parties served with subpoenas for documents should be denied. Plaintiff's counsel never served deposition subpoenas on these entities. *Strag*, 55 F.3d at 954 (failure to notice depositions prior to date the plaintiff's opposition to summary judgment was due "cannot properly form the basis for a Rule 56[(d)] extension"). Moreover, Plaintiff's counsel does not explain how depositions of these entities would allow him to "present facts essential to justify [Plaintiff's] opposition" to QuinStreet's motion, as required by Rule 56(d). The information that Plaintiff seeks in the subpoenas will not create a genuine issue of material fact, because he has all the information he needs to "cross-check"

[4] Plaintiff's request for an extension to depose QuinStreet's corporate representative was granted until December 12, 2025. Dkt. 112.

QuinStreet's representations—as ordered by this Court—and no additional discovery will demonstrate that QuinStreet made more than one call to his phone number. *See* JR-410–11 at 11:24–12:5.

Plaintiff's Rule 56(d) affidavit is his final attempt to delay the inevitable—dismissal of his baseless claims against QuinStreet. His counsel conclusorily states, without any basis other than his "personal experience" and "what [he] hear[s] from clients and others," that he needs more discovery to confirm that QuinStreet did not make additional calls. Dkt. 108 at 1. That does not come close to meeting the standard under Rule 56(d), and Plaintiff should be estopped from continuing to "fish[] for facts" to support his claims. *See Ahmed*, 2012 WL 6761596, at *10 ("[The] affidavit does not meet the standard outline above, as it does nothing more than conclusorily state that additional discovery is required. . . . [T]he Rule 56(d) affidavit is simply 'fishing' for facts to support a claim[.]"). QuinStreet has produced all discovery and complied with the Court's October 27, 2025 Order. There is nothing more to produce. And as this Court acknowledged in denying Plaintiff's motion to compel, Plaintiff's overbroad class discovery requests have no bearing on his individual claims thereby making such discovery unnecessary to oppose QuinStreet's Motion. JR-410–11 at 11:24–12:5.

## III. CONCLUSION

For the foregoing reasons, and those set forth in QuinStreet's moving papers, QuinStreet respectfully requests that its Motion for Summary Judgment be granted against Plaintiff and for QuinStreet as to all claims asserted against QuinStreet in the Second Amended Complaint.

Dated: November 24, 2025

Respectfully submitted,

**KELLEY DRYE & WARREN LLP**

*/s/ Ira T. Kasdan*

Ira T. Kasdan (Bar # 26942)
3050 K Street, NW
Washington, DC 20007
Tel: (202) 342-8864
Fax: (202) 342-8451
Email: ikasdan@kelleydrye.com

James B. Saylor (*pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-5052
Fax: (212) 808-7897
Email: jsaylor@kelleydrye.com

Whitney A. Smith (*pro hac vice*)
7 Giralda Farms
Suite 340
Madison, NJ 07940
Tel.: (973) 503-5923
Fax: (973) 503-5950
Email: wsmith@kelleydyre.com

*Counsel for Defendant QuinStreet, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November, 2025 the foregoing was served on counsel of record via CM/ECF to:

Stephen H. Ring, Esq.
Law Offices of Stephen H. Ring, Esq.
shr@ringlaw.us

*/s/ Ira T. Kasdan*
Ira T. Kasdan